**WO**  MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Dewayne Davis,<br><br>Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>Respondents. | No. CV 06-2467-PHX-SMM (VAM)<br><br>**ORDER** |

Petitioner Kenneth Dewayne Davis, confined in the Arizona State Prison in Douglas, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will order an answer.

**I. Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. An excess of $25.00 requires payment of the filing fee. LRCiv 3.5(b). Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.

**II. Procedural History**

In his Petition, Petitioner has named Dora B. Schriro as Respondent and the Arizona Attorney General as an additional Respondent. Petitioner challenges his July 5, 2000 judgment of conviction in Maricopa County Superior Court, case #CR-99-006636, for four counts of sale or transfer of narcotic drugs. Petitioner alleges two grounds for relief.

**TERMPSREF**

In Ground One, Petitioner contends that he was denied his Fourteenth Amendment right to effective assistance of counsel during the plea bargaining process. In Ground Two, Petitioner contends that he was denied his Sixth and Fourteenth Amendment right to a jury determination of all elements utilized in sentencing.

Petitioner asserts that he has exhausted the claims. Even assuming that the exhaustion requirement has not been met, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

### III. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

#### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

#### C. Possible Dismissal

Petitioner is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition, is **granted**.

(2) The Clerk of Court must **serve** a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Petition within **40 days** of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within **30 days** from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 2nd day of November, 2006.

_____
Stephen M. McNamee
United States District Judge

TERMPSREF

- 3 -