IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Dewayne Davis,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CV 06-2467-PHX-SMM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. # 1). Respondents filed an Answer (Doc. # 14), and Petitioner filed a Reply (Doc. #20).

**I. Background**

　　　　Petitioner raises two grounds for relief in his petition: (1) a denial of his right to effective assistance of counsel, pursuant to the 14th Amendment to the United States Constitution, and (2) a denial of his right to have a jury determine all facts which enhance a sentence, pursuant to the 6th and 14th Amendments. Respondents assert that Petitioner's Petition for Writ of Habeas Corpus is untimely under The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

　　　　Petitioner was indicted by a state grand jury on May 6, 1999, on three counts of Sale of Narcotic Drugs, class 2 felonies, occurring on March 24, 1999, April 14, 1999, and

April 23, 1999. (Exh. A.)[1] Petitioner was indicted on November 18, 1999, on a fourth charge of Sale of Narcotic Drug, occurring on August 4, 1999, and that case was consolidated with the first. (Exhs. F, B.)  In addition, the state filed an allegation that Petitioner had nine prior felony convictions, and an allegation that Petitioner had committed the fourth narcotic sale while released from custody pending trial on the original indictment. (Exhs. C, F.)

Petitioner proceeded to trial and was convicted on all counts. (Exh. D.)  A trial on his prior convictions, and sentencing took place on July 5, 2000. (Exh. E.)  The court found that the Petitioner had been convicted of five prior allegeable felony convictions, and that he committed the count four offense while he was released on bail. (*Id.*)  Petitioner was then sentenced to a presumptive sentence of 15.75 years in prison on counts 1, 2 and 3. (*Id.*)  He was sentenced to a presumptive sentence of 17.75 years on count 4.  The sentence on all counts were ordered to be served concurrently.

Petitioner filed an appeal, raising one issue, that the enhanced sentence he received on count four was a violation of the Sixth and Fourteenth Amendments, in that he was entitled to have a jury find any fact, other than a prior conviction, that increases the penalty beyond the statutory maximum.  He relied upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in support of his argument. (Exh. F.)  On January 17, 2002, the Arizona Court of Appeals filed a Memorandum Decision, agreeing with Petitioner's position, and remanded his case for resentencing. (Exh. G.)  On August 6, 2002, on remand before the trial court, a status hearing was held.  The court entered an order nunc pro tunc modifying Petitioner's sentence on count four, from 17.75 to 15.75 years, in conformance with the Order and Mandate from the Court of Appeals, and giving Petitioner until August 31, 2002 to indicate a request for re-sentencing. (Exh. I.)

Petitioner then filed a Petition for Post-Conviction Relief in the trial court, raising the following claims: (I) that the trial court erred in denying Petitioner's request that he be

---

[1] All Exhibits referenced herein are found attached to Respondents' Answer to Petition for Writ of Habeas Corpus Limited to Affirmative Defenses (Doc. #14.).

sentenced pursuant to A.R.S. §13-3419, (II) that he received ineffective assistance of trial counsel when a plea agreement offer was not communicated to him, (III) that he received ineffective assistance of counsel at his sentencing hearing because his attorney did not raise the issue set forth under claim I, above, and (IV) that he received ineffective assistance of appellate counsel, because his appellate counsel did not raise the issue set forth under claim I, above. (Exh. O.)  The trial court issued a Minute Entry order on May 8, 2003, that indicated that the court was "summarily denying Defendant's Petition for Post-Conviction Relief on his claim that his sentence is unlawful as such claim is precluded and is without merit."  (Exh. Q.)  After an evidentiary hearing was held on June 9, 2003, the trial court denied Petitioner's remaining ineffective assistance of counsel claims on the merits, and dismissed the Petition for Post-Conviction Relief. (*Id.*)

Petitioner then filed a Petition for Review of the trial court's dismissal of his ineffective assistance of counsel claims. (Exh. R.) The specific issues he presented for review were as follows:

> 1) Whether the trial court erred by failing to apply the mandated two-part test to petitioner's colorable claim of ineffective assistance of counsel.
>
> 2) Whether the trial court abused it's (sic) discretion by failing to find that petitioner proved by a preponderance of the evidence that his attorney exhibited deficient performance and that that (sic) deficient performance prejudiced Petitioner's defense.

The Arizona Court of Appeals summarily denied review on November 24, 2004. (Exh. S.)  Petitioner filed a Petition for Review of that decision to the Arizona Supreme Court, and on March 16, 2005, that Court summarily denied review.  (Exh. T.)  Petitioner then commenced a Second Petition for Post-Conviction Relief in the trial court.  In it, he requested the following relief: "re-sentenced to presumptive Terms under Apprendi and Blakely: Blakely[2] constitutes a new change in law for purposes of Rule 32 proceeding (sic)." (*Id.*)   The trial court dismissed the Petition, ruling as follows:

> On April 15, 2005, Defendant filed an untimely Notice of Second Post-Conviction Relief.  He now seeks relief pursuant to Rule 32.1(g), Arizona Rules of

---

[2] *Blakely v. Washington*, 542 U.S. 296 (2004)

- 3 -

Criminal Procedure, claiming that *Blakely v. Washington*, 542 U.S.___, 124 S.Ct. 2531 (2004), is a significant change of law that applies to his case.

Defendant was sentenced on July 5, 2000 to presumptive prison terms on all counts. *Blakely* does not apply to presumptive sentences. *State v. Cons*, 208 Ariz. 409, 94 P.3d 609 (App. 2004). Defendant has not shown that he is entitled to relief under Rule 32.1(g).

**THEREFORE, IT IS ORDERED** summarily dismissing Defendant's Notice of Post-Conviction Relief as untimely filed.    (Exh. V.)

Petitioner's Petitions for Review to the Arizona Court of Appeals, and to the Arizona Supreme Court were both summarily denied. (Exhs. W, X.) The Arizona Supreme Court issued its decision on August 18, 2006. Petitioner then filed this habeas action on October 17, 2006.

## II. Analysis

Respondents assert that Petitioner's Writ of Habeas Corpus is untimely under The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

### A. Timeliness under the AEDPA

The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *see also Lott*, 304 F.3d at 921. However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. *Pace v.*

1 *DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a post-conviction petition is untimely under
2 state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.* at 414.

3    Petitioner's appeal of his original sentence was successful, and his sentence was
4 modified on August1, 2002, consistent with the appellate court decision, and favorable to
5 Petitioner. Petitioner was given until August 31, 2002, to request a formal resentencing. He
6 did not, and also did not seek direct appeal. Thus, his conviction became final thirty days
7 later, on September 30, 2002. Absent any equitable tolling, Petitioner's deadline for filing
8 his Petition for Habeas Corpus was September 30, 2003. 28 U.S.C. §2244(d)(1)(A).
9 Petitioner filed a timely Petition for Post-Conviction relief of his original sentence. "The
10 time during which a properly filed application for state post-conviction or other collateral
11 review with respect to the pertinent judgment or claim is pending shall not be counted toward
12 any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

13    In Arizona, post-conviction relief proceedings in a "Rule 32 of right proceeding"
14 must be commenced within 90 days after the entry of judgment and sentence. Ariz. R.Crim.
15 P. 32.4(a). Within 30 days of the final decision of the trial court or the motion for rehearing,
16 a party may petition the appellate court for review of the actions of the trial court. Ariz.
17 R.Crim. P. 32.9(c) (petition for review). Post-conviction relief proceedings ended for
18 Petitioner on March 16, 2005, when the Arizona Supreme Court summarily dismissed
19 Petitioner's Petition for Review. Accordingly, as the one year limitations period was tolled
20 during Petitioner's post-conviction process, Petitioner's deadline for filing his federal
21 petition was March 17, 2006.

22    Instead of filing a petition in federal court, Petitioner commenced a second post-
23 conviction proceeding in state court. Petitioner is entitled to "one full round" of collateral
24 review in state court, *Carey v. Saffold*, 536 U.S. 214, 222 (2002), and successive post-
25 conviction relief petitions do not toll the limitations period. *See* 28 U.S.C. §2244(d)(2)
26 (tolling limitations period during the time "which a properly filed application for State post-
27 conviction or other collateral review . . . is pending."); Rules 32.1(d)-(h), 32.4(a), Ariz. R.
28 Crim. P. (successive petition for post-conviction relief is limited to certain claims); *Artuz v.*

- 5 -

1  *Bennett*, 531 U.S. 4, 7 (2000).  Petitioner exercised his right to one full round of collateral
2  review when he commenced his post-conviction relief proceedings in July 2002.

3  His second petition was summarily dismissed as untimely by the trial court, as
4  the decision in *Blakely* "did not apply to presumptive sentences" and therefore did not qualify
5  as a "change in the law" that applied to Petitioner's case as contemplated by Rule 32.1(g),
6  Ariz. R.Crim. P.  Under the AEDPA, an untimely petition is not considered "properly filed"
7  within the meaning of §2244(d)(2), *Pace*, 544 U.S. at 417, and the time period during which
8  Petitioner pursued his untimely petition through the state courts is not subject to statutory
9  tolling.  Petitioner's deadline for filing his habeas petition remains as March 17, 2006.

10  *Blakely* jurisprudence also does not mandate a different result.  Section 2244
11  provides that the statute of limitations regarding a federal habeas claim may begin to run on
12  the "date on which the constitutional right asserted was initially recognized by the Supreme
13  Court, if the right has been newly recognized by the Supreme Court and made retroactively
14  applicable to cases on collateral review."  28 U.S.C. §2244(d)(1)(c).  *Blakely* was decided
15  while Petitioner's case was on collateral review: the United States Supreme Court has not
16  made *Blakely* retroactive to cases on collateral review.  *See United States v. Booker*, 543
17  U.S. 220, 268 (2005) (there is no indication that the Supreme Court intended *Blakely* to apply
18  retroactively); *Schriro v. Summerlin*, 542 U.S. 348 (2004); *Schardt v. Payne*, 414 F.3d 1025,
19  1036 (9th Cir. 2005) (concluding that *Blakely* does not apply retroactively to cases on 2254
20  review).

21  Petitioner has set forth no basis for an equitable tolling of the statute of
22  limitations.  He has not shown "extraordinary circumstances" beyond his control that made
23  it "impossible to file a petition on time."  *Calderon v. U.S. District Court*, 128 F.3d 1283,
24  1288  (9th Cir. 1998), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998) (tolling of
25  statute of limitations due to extraordinary circumstances requires that a defendant diligently
26  pursue his claim).  A petitioner bears the burden of establishing that he pursued his rights
27  diligently and that some extraordinary circumstances stood in his way.  *Lawrence*, ___ U.S.
28  ___, 127 S.Ct. 1079, 1085 (2007); *Pace*, 544 U.S. at 418; *United States v. Marolf*, 173 F.3d

- 6 -

1213, 1218 n. 3 (9th Cir. 1999). The record before the court does not establish a basis for equitable tolling. The Petitioner's federal petition is therefore time-barred under the AEDPA.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 24th day of September, 2007.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge